as established proof that he was not a qualified witness, and the certificate was therefore illegal.

Without deciding whether the proof on the issue of illegality is sufficient to support the revocation, saying only that it appears to us to be quite finely drawn, we pass to the issue of fraud to determine as to it that the evidence fully supports the finding and decree. It is true that there was no positive evidence that the witness was asked specifically about his having been convicted, and being asked, denied it. But there is ample evidence from which it can be inferred that he was asked generally whether he had been convicted of a felony, and it is not even claimed that he did advise the examiner that he had been. Though present in court when the revocation was heard, appellant did not testify. In the light of the fact that it stands conceded that he had been convicted of, and confined for, a felony, and that the examiner's record indicated that as to offenses, he had stated only that he had been arrested for a speeding offense, we think it clear that the evidence supports the judgment, and that it must be affirmed.

Dow & Symmers, of New York City (Wilbur E. Dow, Jr., of New York City, of counsel), for appellant.

Foley & Martin, of New York City (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for appellee.

Before HUTCHESON, SIMONS and CLARK, Circuit Judges.

PER CURIAM.

These appeals are from interlocutory decrees in admiralty entered in suits filed because of a collision in New York Bay between the Tug Calatco No. 2 and the M/V Barnes.

The district judge, of the opinion that both vessels were at fault and that damages should be divided, made findings of fact and conclusions of law, and wrote an opinion accordingly. His opinion fully and carefully marshals and determines the effect of the evidence.

We are unable to agree with libellant that the decision incorrectly adjudged the facts or is in conflict with any applicable legal principle. It will serve no useful purpose for us to do again what the district judge has already done so well, retell the story of the collision, trace and point out wherein its actors were at fault. It is sufficient for us to say that we approve both what the district judge did and the way he did it, and that on his opinion and for the reasons that he gave, we affirm his decrees.

**THE CUTLER.**

**THE JULIUS H. BARNES.**

**THE CALATCO No. 2.**

**SOUTHERN TRANSP. CO. v. THE JULIUS H. BARNES.**

**ERIE & ST. LAWRENCE CORPORATION v. THE CALATCO NO. 2 et al.**

Nos. 210, 211.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1945.